UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JOSEPH A.,                         )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 22-293 WES
                                   )
MARTIN O'MALLEY,                   )
ACTING COMMISSIONER,               )
SOCIAL SECURITY ADMINISTRATION,    )
                                   )
        Defendant.                 )
_____)

**ORDER**

WILLIAM E. SMITH, District Judge.

   Before the Court is Magistrate Judge Sullivan's Report and Recommendation ("R&R"), ECF No. 20, recommending that the Court uphold the Administrative Law Judge's ("ALJ") denial of Plaintiff Joseph A.'s application for Supplemental Security Income pursuant to Title XVI of the Social Security Act. Plaintiff filed Objections to the R&R, ECF No. 22, and Defendant Martin O'Malley filed Defendant's Response to Plaintiff's Objections to the R&R, ECF No. 23. For the following reasons, the Court adopts in full the reasoning and conclusions of Judge Sullivan's R&R.

   Plaintiff asserts that Judge Sullivan and the ALJ erred in not relying on the previous ALJ's finding that Plaintiff's fibromyalgia constituted a severe medically determinable impairment. Pl.'s Objs. R&R 2-6, ECF No. 22. However, Judge

1

Sullivan and the ALJ were not bound by the previous administrative findings, as those findings were made sixteen months prior to the filing of the instant application, involved a period of time separate from the current case, and addressed a period that does not fall within the current record. See R&R 9-10; see also Tegan S. v. Saul, 546 F. Supp. 3d 162, 171 n.10 (D.R.I. 2021) (noting that the ALJ was not limited to the previous ALJ's finding that Plaintiff suffered from fibromyalgia); Saeed v. Berryhill, No. 16-CV-11928-ADB, 2018 WL 1243953, at *7-8 (D. Mass. Mar. 9, 2018); Watkins v. Berryhill, No. 3:16-CV-30117-KAR, 2017 WL 4365158, at *13 (D. Mass. Sept. 29, 2017) (holding that the second ALJ was not bound by the first ALJ's decision because "Plaintiff filed the second application almost one and one-half years after the first ALJ issued her decision"). Moreover, the Court concurs with Judge Sullivan's assessment that the current record is devoid of evidence reflecting a diagnosis of fibromyalgia or even permitting an inference that previously diagnosed fibromyalgia persisted into the period at issue. See R&R 10.

Plaintiff's second objection is that Judge Sullivan did not adequately account for the evidence of Plaintiff's migraines as a severe impairment. Objs. 6-7. Plaintiff avers that Judge Sullivan erred by only considering the improvement of Plaintiff's migraines on medication, rather than the potential effects of future flare-ups. Id. Nonetheless, as Defendant correctly contends, the

2

findings of the state agency physicians, the conclusions of the testifying expert, and the treatment record all support Judge Sullivan's finding on that issue. See Def.'s Resp. Pl.'s Objs. R&R 4, ECF No. 23. As a result, Judge Sullivan properly found that the ALJ's findings were supported by substantial evidence in the record. See R&R 14-18.

Thus, after careful review of the record and applicable law, the Court ADOPTS the reasoning and recommendations of the thoughtful R&R in full. Accordingly, Plaintiff's Motion to Reverse the Decision of the Commissioner, ECF No. 12, is DENIED, and Defendant's Motion for an Order Affirming the Decision of the Commissioner, ECF No. 15, is GRANTED.

IT IS SO ORDERED.

William E. Smith
District Judge
Date: February 13, 2024